**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Board of Trustees of the Teamsters Local 346 Savings & 401(k) Plan,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Mahkahta Consulting & Development Corp., d/b/a Mahkahta Trucking,<br><br>　　　　　　Defendant. | Case No.: 23-cv-1278 (KMM/LIB)<br><br>**ORDER<br>FOR ENTRY<br>OF A MONEY JUDGMENT** |

　　　　Based on the pending Motion for Entry of a Money Judgment and all the files and records in this action, the Court finds as follows:

1.　　The Complaint in this matter was filed on May 8, 2023. (ECF 1).

2.　　Plaintiff Board of Trustees of the Teamsters Local 346 Savings & 401(k) Plan ("Plaintiff") is a multiemployer employee benefit plan, as defined under the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id*.

3.　　Defendant Mahkahta Consulting & Development Corp., d/b/a Mahkahta Trucking ("Defendant") is a signatory to a collective bargaining agreement that requires Defendant to make contributions to Plaintiff on behalf of individuals covered by that agreement. *Id*.

4.　　Plaintiff's Complaint alleged that Defendant definitely owes delinquent contributions in the amount of $3,050.45. *Id.* Plaintiff maintained that it was unable to determine the full extent of Defendant's additional delinquency without access to Defendant's business records. *Id*.

5.   The Summons and Complaint were served upon Defendant on May 12, 2023. (ECF 5).

6.   Defendant did not file an Answer or otherwise respond to the Summons and Complaint.

7.   A Clerk's Entry of Default was entered against Defendant on July 10, 2023. (ECF 9).

8.   Plaintiff filed a Motion for Default Judgment, and a motion hearing was held on September 28, 2023. (ECF 10).

9.   On November 8, 2023, Plaintiff's Motion for Default Judgment was granted and Defendant was held liable to Plaintiff for delinquent contributions, interest, and liquidated damages due and owing from December 1, 2022, through March 31, 2023. (ECF 16).

10.   Defendant was ordered to submit its contribution reports or payroll books and records to Plaintiff for the month of December 2022 and dates of March 5 to March 31, 2023. *Id.*

11.   On September 11, 2024, Defendant submitted its contribution reports and payroll books and records for the month of December 2022 and dates of March 5 to March 31, 2023. Declaration of Jane C. Poole, ¶ 4, Exhs. 1 – 3.

12.   Plaintiff has reviewed Defendant's records and has determined that Defendant owes Plaintiff $1,227.88 in delinquent contributions for December 2022; $3,050.45 in delinquent contributions for January 1, 2023, through March 4, 2023; and $632.06 in delinquent contributions for March 5 – 31, 2023. *Id.*, ¶¶ 3, 5, 7.

13.     Plaintiff has further determined that Defendant owes Plaintiff $982.08 in liquidated damages, $918.19 in interest on the delinquent contributions, and attorney fees and costs in the total amount of $4,427.00. *Id.*, ¶¶ 9, 11.  Plaintiff has determined that Defendant owes Plaintiff a total amount of $11,237.66. *Id.*, ¶ 13.

14.     The Court finds that Plaintiff's determination of the amount owed by Defendant in delinquent contributions, interest and liquidated damages is appropriate because it is based upon reports and records provided by Defendant and Plaintiff's Trust Agreement and Collection Policy which sets forth the liquidated damages and interest to be assessed on delinquent contributions.  In addition, Plaintiff's determination of the amount owed was detailed and supported by a declaration from its counsel, Jane Poole, along with supporting Exhibits 1 – 4.

15.     In support of its attorney fee and costs request, Ms. Poole's declaration and supporting Exhibit 5 sets forth the basis for Plaintiff's request for fees and costs. *Id.*, ¶¶ 10-12, Exh. 5.

16.     Ms. Poole's declaration and Exhibit 5 sets forth the services provided on behalf of the Plaintiff throughout the entirety of this legal action including: communications with client, Defendant, Defendant's counsel and the Court; preparation of court filings, including multiple motions and memoranda of law; reviewing Court orders and other materials on the docket; traveling to and appearing at the hearing on the motion for default judgment.

17.     Ms. Poole states that her hourly rate for such work is currently $245.00 per hour, that she has practiced law since 2010 and is familiar with rates charged by similar

practitioners in the Duluth, Minnesota area. She declares that her billing rate is comparable to the rates charged by attorneys with similar experience and expertise.

18. Finally, Ms. Poole states that Plaintiff incurred legal fees of $3,763.50 and costs in the amount of $663.50 in connection with this delinquency action, from the beginning of the case to the current Motion for Entry of a Money Judgment and she submits a copy of the billing detail to corroborate these assertions.

19. The Court finds that Ms. Poole's hourly rate is reasonable, that the tasks completed and hours claimed were reasonable and necessary for litigating this collection action from beginning to end, that the billing records support the request for recovery of fees and costs, and that the amount requested reflects the reasonable attorney's fees and costs incurred by Plaintiff in this action.[1]

## ORDER FOR JUDGMENT

**Based on the foregoing, IT IS HEREBY ORDERED AND ADJUDGED:**

1. Plaintiff's Motion for Entry of a Money Judgment is GRANTED; and,

---

[1] While the Court concludes that the fees and costs are reasonable, it also observes that the fees accrued by Plaintiff's attorney are relatively significant when viewed in light of Plaintiff's overall recovery. In reviewing the declaration and other documents submitted by Plaintiff's counsel in support of the pending motion, the Court noted that a substantial portion of the fees in this matter—approximately one-third of the total—arose out of counsel's travel to and attendance at a hearing in St. Paul. *See* ECF 25-1 at 47 (line entry for $1,248.00 for travel between St. Paul and Duluth and for hearing attendance in September 2023). The Court appreciates the traditional presumptions in favor of holding hearings in-person, but it is this Court's typical preference to hold hearings remotely via Zoom when doing so will reduce the monetary expense and carbon emissions associated with out-of-town attorneys' travel. Counsel is encouraged to request remote participation in the future.

2. Judgment is entered in favor of Plaintiff in the total amount of $11,237.66.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:                                              s/ *Katherine M. Menendez*
                                                      Katherine M. Menendez
                                                      United States District Judge